UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES ROBERT MCQUEARY, | ) | CASE NO.: C90-0414-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JAMES BLODGETT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

In 1976, petitioner was convicted in Snohomish County Superior Court following his guilty plea to a charge of first degree assault, and was sentenced to a maximum term of life imprisonment. (*See* Dkt. No. 1.) In December 1989, petitioner filed a federal habeas petition in the United States District Court for the Eastern District of Washington challenging his 1976 Snohomish County conviction. (*Id*.) Petitioner sought, by way of that petition, to challenge the validity of his guilty plea and to nullify any detainers lodged against him by the State of California under the Interstate Detainer Act. (*Id*.) Among the individuals identified as a respondent in that action was John Van De Kamp, then Attorney General of the State of California. (*Id*.)

The California Attorney General was dismissed from the case on March 8, 1990, pursuant to a stipulated order signed by the Honorable Justin L. Quackenbush, United States District Judge

REPORT AND RECOMMENDATION
PAGE -1

01 for the Eastern District of Washington. (*See* Dkt. No. 1.) On March 16, 1990, Judge

02 Quackenbush issued an Order granting a motion for a change of venue and transferring the action

03 to this court. (*Id.*) The case was received by this court on March 21, 1990, and was assigned to

04 the Honorable William L. Dwyer, United States District Judge. (*See* Dkt. No. 2.) Judge Dwyer

05 subsequently referred the matter to the Honorable John L. Weinberg, United States Magistrate

06 Judge who ordered a response to the petition. (*See* Dkt. Nos. 2 and 4.)

07      Respondent James Blodgett thereafter filed a motion to dismiss the petition for failure to

08 exhaust state remedies or, in the alternative, for abuse of the writ. (Dkt. No. 8.) On February 26,

09 1991, Judge Dwyer issued an order denying petitioner's petition, and dismissing the action without

10 prejudice, based upon petitioner's failure to meet the exhaustion requirement. (Dkt. No. 26.)

11      In June 2006, petitioner sent a letter to the United States District Court for the Eastern

12 District of Washington referencing the Stipulated Order dismissing the California Attorney General

13 signed by Judge Quackenbush in March 1990. That Stipulated Order, in turn, references

14 representations made by the Marin County Prosecuting Attorneys' Office to the effect that the

15 State of California would not seek extradition of petitioner from the State of Washington because

16 the case against him in that jurisdiction was no longer prosecutable. Petitioner states in his letter

17 that he recently learned that the Marin County Prosecuting Attorneys' Office in San Rafael,

18 California still has a detainer notification in his file which he believes was placed there some years

19 back. Petitioner suggests that the existence of this detainer indicates that the Marin County

20 Prosecutor's Office intentionally lied to the federal court in 1990 when it said that the State of

21 California would not seek extradition.

22      Petitioner indicates in his letter that he has attempted to resolve the matter of the

REPORT AND RECOMMENDATION
PAGE -2

01 extradition with the State of California, but that his efforts have been unsuccessful. Petitioner now
02 asks for the federal court's help in compelling the Marin County Prosecuting Attorney's Office
03 to dismiss the detainer for good. He states that he will never receive parole consideration as long
04 as this detainer is in his file.

05 After petitioner's letter was received in the Eastern District of Washington, that Court
06 forwarded the letter to this Court where it was construed as a motion seeking this Court's
07 assistance with respect to the California detainer. The Honorable Ricardo S. Martinez, United
08 States District Judge for the Western District of Washington referred the matter to this Court for
09 further review. On August 14, 2006, the Clerk of this Court received a letter from petitioner in
10 which petitioner expresses his confusion regarding the current status of any matters pending in this
11 Court. Petitioner notes that the instant action was closed in February 1991, and that the Ninth
12 Circuit thereafter made this court's ruling final. He states he is concerned about what is expected
13 of him at this juncture and perplexed about who may have initiated any pending proceedings in the
14 federal court on his behalf.

15 Petitioner is correct that his prior habeas action has been closed, and nothing in petitioner's
16 June 2006, letter provides any basis for reinstating that action at this juncture. As to petitioner's
17 request for the federal court's assistance with the California detainer, no such assistance can be
18 provided based upon the submission a letter. If petitioner wishes to challenge the affects of any
19 California detainer on his current custody, he must do so by filing a habeas action in the proper
20 court. The Western District of Washington would not be the proper venue for any such action as
21 this Court has no personal jurisdiction over petitioner's current custodian or over the California
22 authorities who caused the detainer to be lodged against petitioner. *See Nelson v. George*, 399

REPORT AND RECOMMENDATION
PAGE -3

U.S. 224 (1970). *See also, Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Accordingly, this Court recommends that, to the extent petitioner seeks this Court's assistance in compelling the California authorities to dismiss his detainer, his request be denied. A proposed order accompanies this Report and Recommendation.

DATED this <u>28th</u> day of August, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4